Priority Send ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-1420 SJO(JCx) | Date | September 5, 2006 |
|---|---|---|---|

| Title | Southern California Housing Rights Center, dba Housing Rights Center v. Robert Krug, et al. |
|---|---|

Present: The Honorable  Jacqueline Chooljian, United States Magistrate Judge

| Nancy Hackney | None | 06-23 |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:                          Attorneys Present for Defendants:

Liam Garland                                                           Craig Mordoh

**Proceedings:**         **(IN CHAMBERS)**

**ORDER GRANTING IN PART, DENYING IN PART, PLAINTIFF'S MOTION TO COMPEL**

On March 7, 2006, plaintiff filed a complaint pursuant to the federal Fair Housing Act, 42 U.S.C. § 3601 et seq., and related California laws. Plaintiff alleges that defendants have "implemented a policy and/or practice at their twenty-eight (28) unit apartment building in Monrovia, California, that has the purpose or effect of discriminating against families with children." (Complaint ¶ 2). Defendants filed an Answer on April 7, 2006.

On August 7, 2006, plaintiff filed a "Joint Stipulation Per Local Rule 37-2 Re: Plaintiff's Motion to Compel Discovery Responses" ("the Motion"). Plaintiff moves to compel defendants to produce documents and responses to its interrogatories regarding defendants' financial condition and net worth. Plaintiff contends that such information is relevant to its claim for punitive damages. Defendants object to plaintiff's discovery requests asserting, among other things, that the requests for production seek irrelevant items and are overbroad and burdensome, and that the interrogatories are vague and/or seek irrelevant information. A hearing was held on the Motion on September 5, 2006.

At issue are Request for Production Nos. 32 and 33 of Plaintiff's First Request for Production of Documents to Defendants Robert Krug and Elizabeth Krug[1] and Interrogatory Nos. 4-7 of Plaintiff's First Set of Interrogatories to Defendant Elizabeth Krug. The disputed discovery requests and objections, and the court's analysis and ruling regarding such requests are set forth below.



DOCKETED ON CM
SEP - 5 2006
BY ____ 110

---

[1] Plaintiff served separate requests for production of documents on defendants Robert Krug and Elizabeth Krug. The requests were identical as were the separate responses from the Krugs. These separate requests and responses are therefore addressed together.

Time: 5 minutes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 06-1420 SJO(JCx)                                    Date   September 5, 2006

Title      Southern California Housing Rights Center, dba Housing Rights Center v.
           Robert Krug, et al.

### I. Applicable Standards

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). This rule is interpreted to allow liberal discovery of information reasonably calculated to lead to the discovery of admissible evidence. Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005) (district courts have broad discretion in determining relevancy for discovery purposes).

### II. Request for Production Nos. 32 and 33

The Requests: These requests seek documents that relate to the net worth and current assets and/or liabilities of defendants Robert and Elizabeth Krug ("the Krugs'") and the Krug Trust including identification and value of all properties and other assets owned in whole or in part, profit and loss statements from Fiscal Year 1996 to the present, and copies of tax returns for the same time period. Also requested are any financial statements and balance sheets that relate to assets, inventories, liabilities, gross and net income, and the amount of any undistributed business profits.

The Objections: The Krugs object on the grounds that the requests: (1) seek irrelevant documents; (2) are overbroad; (3) are burdensome; (4) seek privileged information to the extent tax returns are requested; and (5) seek non-discoverable information in the absence of factual allegations in the Complaint to show that punitive damages are warranted ("non-discoverability objection").

Ruling:

(1)     For the reasons set forth below, the Motion is granted in part, and denied in part. Within fourteen (14) days, defendants are directed to provide documents responsive to this request, except tax returns, for the period of January 1, 2004, to the present. The protective order in this case is expanded to encompass the documents produced pursuant to these requests.

(2)     Defendants' relevance objection is overruled in part and sustained in part. The federal Fair Housing Act prohibits, in pertinent part, "any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate" for example, because of "familial status." 42 U.S.C. § 3605(a). The term "person" includes, individuals, associations, trusts, and trustees. 42 U.S.C. § 3602(d). The Act authorizes an aggrieved person to bring a civil action and to receive actual and punitive damages for violations of the Act. See 42 U.S.C. §§ 3613(c)(1), 3612(o)(3). A defendant's net worth and financial condition are relevant and admissible to establish the appropriate amount of punitive damages. See City of Newport v. Facts Concerts, Inc., 453 U.S. 247, 270 (1981) (noting that "evidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-1420 SJO(JCx) | Date | September 5, 2006 |
| Title | Southern California Housing Rights Center, dba Housing Rights Center v. Robert Krug, et al. | | |

damages that should be awarded."); Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 284 (C.D. Cal. 1998) (evidence of net worth crucial to issue of punitive damages); United States v. Big D Enterprises, Inc., 184 F.3d 924, 932 (8th Cir. 1999) (under federal law, evidence of defendant's financial worth traditionally admissible for purpose of evaluating amount of punitive damages).

Defendants Robert and Elizabeth Krug are parties to the litigation in their individual capacities as well as their capacities as trustees for the Krug Trust. As the complaint seeks punitive damages pursuant to the federal Fair Housing Act, the financial condition and net worth of Robert Krug, Elizabeth Krug, and the Krug Trust, are relevant and therefore such information is discoverable. While documents reflecting the financial condition and net worth of defendants from January 1, 2004, to the present are relevant and reasonably calculated to lead to the discovery of admissible evidence regarding defendants' current financial status, the court does not find that information earlier than January 1, 2004, is relevant.

(3) Defendants' objection based on overbreadth is sustained in part and overruled in part. As suggested by the above, the court agrees that discovery of defendants' financial information for the past ten (10) years is unnecessarily broad. Since information regarding defendants' earnings and worth from ten (10) years ago is not reasonably calculated to lead to admissible evidence on the issue of punitive damages, discovery should be limited to the period from January 1, 2004, to the present, i.e., a period which provides a picture of defendants' current financial condition and net worth. See Hughes v. Groves, 47 F.R.D. 52, 55 (W.D. Missouri 1969).

(4) Defendants' "burdensome" objections are overruled. Defendants' objections are conclusory and provide no information to support a finding that production of the requested items would unduly burden defendants. See F.R.Civ. P. 26(b)(2)(iii); A. Farber & Partners, Inc. v. Garber ("Farber"), 234 F.R.D. 186, 188 (C.D. Cal. 2006).

(5) Defendants' privilege objection to the disclosure of tax returns is sustained without prejudice and overruled to the extent it is intended to encompass the other documents that are the subject of this request. Questions of privilege that arise in the course of the adjudication of federal rights are governed by the principles of federal common law. United States v. Zolin, 491 U.S. 554, 562 (1989) (citing Federal Rules of Evidence 501). Where, as in this case, a federal question claim and pendent state law claims are present, federal law on privilege, not state law, applies. Agster v. Maricopa County, 422 F.3d 836, 839 (9th Cir.), cert. denied, 126 S. Ct. 473 (2005). Under federal law, tax returns and related documents "do not enjoy an absolute privilege from discovery." Premium Services Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975); Heathman v. United States District Court, 503 F.2d 1032, 1035 (9th Cir. 1974) (Title 26 U.S.C. § 6103(a)(2) only restricts dissemination of tax returns by government and does not otherwise make copies of tax returns privileged). Nevertheless, a public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage tax payers to file complete and accurate returns. Premium Services Corp., 511 F.2d at 229. Courts generally apply a two-pronged test to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns. Farber, 234 F.R.D. at 191; Hilt v. SFC Inc., 170 F.R.D 182, 189 (D. Kan. 1997). First, the court must find that the returns are relevant to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 06-1420 SJO(JCx)                                    Date   September 5, 2006

Title   Southern California Housing Rights Center, dba Housing Rights Center v. Robert Krug, et al.

---

the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable. Farber, 234 F.R.D. at 191; Hilt, 170 F.R.D. at 189.

Although, as discussed above, information from January 1, 2004, to the present regarding the Krugs' financial condition and net worth, including documents such as tax returns, is relevant to plaintiff's claim for punitive damages, the court finds there is no compelling need for defendants' tax returns at this time. Plaintiff has suggested that it can access the necessary financial information through other less intrusive means and that it would be willing to withdraw its request for discovery of defendants' tax returns while reserving the right to seek such returns at a later date if defendants' responses and production do not provide a reliable indication of their net worth. Accordingly, at this time the court will not order production of defendants' tax returns. In the event that plaintiff finds that the financial information produced by defendants is insufficient, it may file a motion to compel production of tax returns at that time.

To the extent defendants may also be raising a privilege objection to production of the remaining items sought, the court notes that such any such objection is not well-taken and is overruled. Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. Farber, 234 F.R.D. at 191. The court will balance the need for information sought against the privacy right asserted. Id. Plaintiff's need for disclosure of defendants' financial information outweighs any privacy claim by defendants in such items.

Nonetheless, because defendants have an interest in maintaining the privacy of their financial information, such information can be adequately protected by adding the items produced pursuant to these requests to the items encompassed by the existing protective order in this action. Farber, 234 F.R.D. at 191 (privacy concerns relating to disclosure of tax returns can be addressed by carefully drafted protective order); CEH, Inc. v. FV "Seafarer" ("Seafarer"), 153 F.R.D. 491, 499 (D.R.I. 1994) ("[W]hile a party does have an interest in nondisclosure and confidentiality of its financial records, this interest can be adequately protected by a protective order.")

(6)   Defendants' non-discoverability objection is overruled. As discussed above, information concerning defendants' finances is relevant in this case because it can be considered in determining punitive damages. Under the federal rules, a district court has discretion to control the sequence of discovery "for the convenience of the parties and witnesses and in the interests of justice." Fed. R. Civ. P. 26(d). When a punitive damages claim has been asserted, a majority of federal courts permit pretrial discovery of financial information about defendants without requiring the plaintiff to establish a prima facie case on the issue of punitive damages. Seafarer, 153 F.R.D. at 497-98 (and cases cited therein); Baker v. CNA Ins. Co., 123 F.R.D. 322, 330 (D. Mont. 1988) (not premature for plaintiff to seek discovery of information regarding defendant's financial status relevant to punitive damages claim even though plaintiff must first prevail on issue of liability before evidence of defendant's financial condition would be relevant; plaintiff should not be precluded from adequately preparing case as to damages); Vollert v. Summa Corp., 389 F. Supp. 1348, 1351 (D. Hawaii 1975) (plaintiff's demand

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-1420 SJO(JCx) | Date | September 5, 2006 |
|---|---|---|---|
| Title | Southern California Housing Rights Center, dba Housing Rights Center v. Robert Krug, et al. | | |

for discovery of financial information relevant to issue of punitive damages not premature; existence of liability is threshold issue in almost all actions seeking money damages and should not preclude plaintiff from preparing his case as to damages).

### III. Interrogatory No. 4

The Interrogatory: This interrogatory asks defendant Elizabeth Krug to list each of "Defendants' Properties" by: (a) address and type of property; (b) date of ownership; (c) current fair market value and original purchase price; (d) present value of her equity interest; (e) number of units; (f) the number of bedrooms and square footage for each unit; (g) her role in the operation and/or management of the property; and names and contact information for any co-owners or partners. The interrogatory does not itself include a time frame.

The Objections: Defendant Elizabeth Krug objects on grounds that the time period contemplated by the interrogatory as well as the term, "Defendants' Properties" are vague. Defendant Elizabeth Krug further states, "[w]ithout waiving said objections, I don't know this information."

Ruling:

(1) The Motion to Compel is denied without prejudice. Within seven (7) days Plaintiff is directed to supply Defendant Elizabeth Krug with a definition of the term "Defendants' Properties" and to circumscribe a time frame for this interrogatory (which should conform with the court's other rulings). Defendants are directed to provide plaintiff with a supplemental response to this interrogatory within (14) days of being served with the above-described definition and time frame. The protective order in this case is expanded to encompass the information produced pursuant to this interrogatory.

(2) Defendant's objections that the interrogatory is vague as to time period and as to the definition of the term "Defendants' Properties" is sustained, subject to the directive above regarding the provision of a supplemental response.

### IV. Interrogatory Nos. 5, 6, and 7

The Interrogatories: These interrogatories ask defendant Elizabeth Krug to provide certain annual financial information regarding the Krugs from January 2000, to the present including their net worth, their assets and liabilities, and the identity, source and type of their income.

The Objections: Defendant Elizabeth Krug objects on grounds that the interrogatories seek irrelevant information. She further asserts that since a two-year statute of limitations applies to an action arising under the federal Fair Housing Act, she should be required to produce no more than two years' worth of financial information.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-1420 SJO(JCx) | Date | September 5, 2006 |
| Title | Southern California Housing Rights Center, dba Housing Rights Center v. Robert Krug, et al. | | |

Ruling:

(1)  The Motion to Compel is granted in part and denied in part. Within fourteen (14) days, defendant Elizabeth Krug is directed to provide responsive information for the period from January 1, 2004, to the present. The protective order in this case is expanded to encompass the information produced pursuant to these interrogatories.

(2)  Defendant's relevance objection is overruled in part and sustained in part. As discussed above, the court concludes that defendants' current financial information and financial information since January 1, 2004, are relevant and reasonably calculated to lead to the discovery of admissible evidence concerning punitive damages. However, this court does not find that defendants' financial condition prior to that time is relevant or reasonably calculated to lead to the discovery of admissible evidence.

IT IS SO ORDERED.

Initials of
Deputy Clerk        nhac